**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-3082

_____

UNITED STATES OF AMERICA

v.

ANGEL LUIS CONCEPCION-ROSARIO,
                                                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 5:18-cr-00181-001)
District Judge: Honorable Joseph F. Leeson, Jr.

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on March 14, 2024

Before: BIBAS, MONTGOMERY-REEVES, and ROTH, *Circuit Judges*

(Filed: May 23, 2024)

_____

OPINION*

_____

BIBAS, *Circuit Judge*.

Angel Luis Concepcion-Rosario picked up 200 grams of fentanyl, got pulled over, let

a cop search his car, and admitted that the drugs found in the search were his. Because his

conviction and sentence were proper, we will affirm.

_____

\* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

In 2017, DEA agents learned that a large drug deal was about to happen in Allentown, Pennsylvania. Based on this information, they set up surveillance at a known stash house. Once there, they saw a man pick up what looked like a package of drugs and followed him home. The next morning, Concepcion-Rosario showed up at the man's house and picked up a white grocery bag.

After the handoff, the DEA asked a state trooper to pull Concepcion-Rosario over. When the trooper tracked him down, he saw him swerve between lanes and noticed that his license plate was slightly obscured. Based on these traffic violations, the trooper pulled him over. During the stop, Concepcion-Rosario signed a consent-to-search form and let the trooper search his car. The trooper found a package of fentanyl inside and arrested him. At the police station, he waived his *Miranda* rights and admitted that the drugs were his.

Concepcion-Rosario then moved to suppress the drugs and his post-arrest statement. After a hearing, the District Court denied his motion. It found that the traffic stop was lawful, that there was reasonable suspicion to extend the search, and that Concepcion-Rosario had validly consented to the search. It also refused to suppress his post-arrest statement because he had validly waived his *Miranda* rights.

At trial, the jury convicted Concepcion-Rosario of possession with intent to distribute more than forty grams of fentanyl. The District Court sentenced him to a little more than twenty-seven years' imprisonment—the top of the Guidelines range. He now appeals, raising a laundry list of challenges. All fail.

*First*, the traffic stop, car search, and post-arrest statement were all lawful. We review the District Court's findings of fact for clear error and its application of law to those facts

de novo. *United States v. Perez*, 280 F.3d 318, 336 (3d Cir. 2002). The trooper had reasonable suspicion to pull Concepcion-Rosario over because he had violated two traffic laws. *United States v. Lewis*, 672 F.3d 232, 237 (3d Cir. 2012). He also had reasonable suspicion to extend the stop because Concepcion-Rosario seemed nervous, had a burner phone, lied about his travel plans, and understated his criminal history. Also, his car smelled overwhelmingly of air freshener, which could mask the smell of drugs. He then consented to the search of his car knowingly and voluntarily. Though he now claims not to understand English, the evidence shows otherwise. Plus, he signed a consent-to-search form in his native language, Spanish. Lastly, he offers no reason to question his *Miranda* waiver. In short, the court properly denied his motions to suppress.

*Second*, the prosecution never violated the Fifth Amendment. Though Concepcion-Rosario argues otherwise, the prosecution never "manifestly intend[ed] to comment on his silence, nor would the jury naturally and necessarily have taken it that way." *United States v. Titus*, 78 F.4th 595, 602 (3d Cir. 2023) (cleaned up). Plus, we review the District Court's denial of a motion for mistrial for an abuse of discretion. *United States v. Weaver*, 267 F.3d 231, 245 (3d Cir. 2001). We see none here.

*Third*, the evidence was more than enough to prove guilt. We review the sufficiency of the evidence "highly deferential[ly]." *United States v. Caraballo-Rodriguez*, 726 F.3d 418, 430 (3d Cir. 2013) (en banc). The evidence included the DEA investigation, the drugs found in Concepcion-Rosario's car, and his incriminating statement. As a reasonable juror could conclude that this proved his guilt beyond a reasonable doubt, it sufficed. *Id.* at 430–31.

*Fourth*, the District Court properly admitted Concepcion-Rosario's 2015 drug conviction under Federal Rules of Evidence 404(b) and 609. We review for abuse of discretion. *United States v. Butch*, 256 F.3d 171, 175 (3d Cir. 2001); *United States v. Johnson*, 302 F.3d 139, 152 (3d Cir. 2002). Under Rule 404(b), the court correctly admitted that conviction for the limited purposes of proving his knowledge and intent. Under Rule 609, it also properly let that conviction be used to impeach him. Then, to guard against prejudice, it gave a limiting instruction, which we presume the jury followed. *See Samia v. United States*, 599 U.S. 635, 646 (2023).

*Fifth*, Concepcion-Rosario's sentence was procedurally and substantively reasonable. We review claims of procedural error for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). The District Court properly applied the career-offender enhancement: Concepcion-Rosario's drug-crime conviction is a controlled-substance offense. *United States v. Glass*, 904 F.3d 319, 322–24 (3d Cir. 2018). Plus, his second-degree murder conviction in Puerto Rico is a crime of violence because it required malice aforethought. *United States v. Baez-Martinez*, 950 F.3d 119, 128–29 (1st Cir. 2020); *United States v. Marrero*, 743 F.3d 389, 397–401 (3d Cir. 2014) (holding that an analogous Pennsylvania crime is a crime of violence). Thus, the career-offender enhancement applies here.

We review the sentence's substantive reasonableness for abuse of discretion. *United States v. Tomko*, 562 F.3d 558, 561 (3d Cir. 2009) (en banc). Given the seriousness of the crime and Concepcion-Rosario's extensive criminal history, his sentence was reasonable.

Because there was no error, we will affirm the District Court's judgment.